DAVID J. MICLEAN (SB# 115098)
ANNE-MARIE D. DAO (SB# 282632)
MICLEAN GLEASON LLP
411 BOREL AVENUE, SUITE 310
SAN MATEO, CA 94402
Telephone: (650) 684-1181
Facsimile: (650) 684-1182
dmiclean@micleangleason.com
adao@micleangleason.com

JAMES C. SHERWOOD (SB# 148896)
BEE SWEET CITRUS, INC.
416 E. SOUTH AVENUE
FOWLER, CA 93625
Telephone: (559) 834-5345
Facsimile: (559) 834-2065
james@beesweetcitrus.com

Attorneys for Plaintiff
Bee Sweet Citrus, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEE SWEET CITRUS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THEOPHILUS L. ULMER, DBA BEE SWEET LEMONADE; MIKAILA'S BEESWEET LEMONADE, LLC; AND DOES 1-10<br><br>Defendants. | CASE NO.<br><br>Hon.<br><br>**BEE SWEET CITRUS, INC.'S COMPLAINT FOR:**<br><br>1. Trademark Infringement : 15 U.S.C. § 1114<br>2. Trade Dress Infringement: 15 U.S.C. § 1125<br>3. Unfair Competition and False Designation of Origin: 15 U.S.C. § 1125<br>4. Trademark Infringement: California Business and Professions Code § 14200<br>5. Unfair Competition: California Business and Professions Code § 17200<br>6. Declaratory Judgment<br><br>**DEMAND FOR TRIAL BY JURY** |

# COMPLAINT

The plaintiff, Bee Sweet Citrus, Inc. ("Bee Sweet Citrus"), brings this action against Defendants Theophilus L. Ulmer, DBA Bee Sweet Lemonade, and Mikaila's BeeSweet Lemonade, LLC ("Bee Sweet Lemonade"), (collectively "Defendants") for trademark infringement, unfair competition and false designation of origin under the Lanham Act, violations of the California Business and Professions Code Sections 14200 and 17200, and Declaratory Judgment.

## THE PARTIES

1. Upon information and belief, Theophilus L. Ulmer, DBA Bee Sweet Lemonade, is an individual residing at 900 Juanita Street, Austin, Texas  78701.

2. Upon information and belief, Mikaila's BeeSweet Lemonade, LLC is a Domestic Limited Liability Company with its principal place of business at 900 Juanita Street, Austin, Texas  78704.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.  This Court also has jurisdiction over Bee Sweet Citrus' pendent and common law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Mikaila's BeeSweet Lemonade because, upon information and belief, Mikaila's BeeSweet Lemonade transacts business in the Eastern District of California and in this judicial division of that District.  Further, on information and belief, Mikaila's BeeSweet Lemonade directs business activities towards California through commercial activities including, but not limited to, advertisements, promotions, and sales.  California is also the situs of Bee Sweet Citrus' injury.

5. This Court has personal jurisdiction over Theophilus L. Ulmer, DBA Bee Sweet Lemonade, because, upon information and belief, Theophilus L. Ulmer, DBA Bee Sweet Lemonade, transacts business in the Eastern District of California and in this judicial division of that District.  Further, on information and belief, Theophilus L. Ulmer, DBA Bee Sweet Lemonade, directs business activities towards California through commercial activities including, but not limited to, advertisements, promotions, and sales. California is also the situs of Bee Sweet Citrus' injury.

6. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Bee Sweet Citrus' claims occurred in this District.

## FACTUAL ALLEGATIONS

**Bee Sweet Citrus Is a One Stop Shop for All Citrus Commodities**

7. Bee Sweet Citrus was founded in 1987 as an independent packer and shipper of California oranges. Since then, Bee Sweet Citrus has added other citrus varieties, including lemons, enabling Bee Sweet Citrus to become the industry leader it is today. Specifically, Bee Sweet Citrus has been packing and marketing lemons since 1989 and is one of the largest independent lemon grower/packer/marketers of lemons in the United States.

8. Bee Sweet Citrus ships throughout the United States, Canada, Europe, Australia, New Zealand, and several Pacific Rim countries including Japan, and is a "one stop shop" for all citrus commodities—an important advantage in today's competitive marketplace. Bee Sweet Citrus prides itself on offering personal customer service and a heartfelt commitment to each of its growers and buyers.

9. Bee Sweet Citrus is very mindful of being attentive to detail. Bee Sweet Citrus' goal is to always deliver the freshest and tastiest citrus to its customers. Bee Sweet Citrus' lines include optical graders and sizers and allows Bee Sweet Citrus to sort and pack a consistent grade and size of fruit. Additionally, Bee Sweet Citrus has a cold storage system which allows fruit to be kept at a precise temperature while being stored and awaiting shipping. Bee Sweet Citrus stays on the cutting edge of technologies and growing/packing practices which include: High-end optical grading and sizing machines, the ability to pack in a variety of different bags and box sizes with multiple labels, advanced bagging machines that are versatile and capable of making bags in a variety of different sizes with high graphic labels, new automated conveyor systems used to convey boxes to a centralized location, an automated cold storage monitoring and control system, weight-checking machines integrated into bag lines to assure correct weights of bags, a GTIN (Global Traceability Identification Number) system used to trace specific cartons back through the processing operation and to the field, and quality control equipment used to efficiently test for the minimum brix requirements and freeze damage directly in the processing line.

10. Bee Sweet Citrus owns numerous federal trademark registrations incorporating the *Bee Sweet Citrus* mark. These include: *Bee Sweet Citrus (Registration No. 2336076),* the mark *Bee Sweet*

1  *Citrus* accompanied by a drawing of an orange with a bee *(Registration No. 2292303)*, *Bee Sweeties*
2  *(Registration No. 3660625), Lucky Bee (Registration No.2234334), Royal Bee (Registration No.2240822),*
3  and *Little Bee's (Registration No. 86078997).*

4        11.    Bee Sweet Citrus marks are associated with the best quality citrus products.

5        12.    Bee Sweet Citrus is also in the process of registering the mark *Bee Sweet (Serial No.*
6  *86629350).*

7  **Bee Sweet Lemonade's Wrongful Use of Bee Sweet Citrus' Mark(s)**

8        13.    Upon information and belief, Defendant Theophilus L. Ulmer, DBA Bee Sweet Lemonade,
9  is father to Mikaila Ulmer, founder of Bee Sweet Lemonade.  Bee Sweet Lemonade is a Texas company
10 that sells lemonade made with flaxseed and honey.

11       14.    Bee Sweet Lemonade filed its certificate of formation with the Texas Secretary of State on
12 September 27, 2013.  It ostensibly sells lemonade under the name "Bee Sweet Lemonade."

13       15.    Bee Sweet Lemonade attempted to register several marks, and each registration was either
14 abandoned, suspended, or improperly prosecuted.

15       16.    On March 13, 2013, Bee Sweet Lemonade attempted to register the mark *Bee Sweet* with
16 the United States Patent and Trademark Office, which was abandoned after Bee Sweet Lemonade
17 neglected to respond to an office action (which asked Bee Sweet Lemonade to address issues of likelihood
18 of confusion with Bee Sweet Citrus' mark *Bee Sweet Citrus*) and a prior pending application (Bee Sweet
19 Citrus' application).

20       17.    On March 21, 2014, Bee Sweet Lemonade attempted to register a mark containing the
21 words "Bee Sweet Lemonade" and a drawing of a "young brown-skinned girl with a pink flower in her
22 black hair…"[1]  This mark was abandoned because of Bee Sweet Lemonade's failure to provide any new or
23 compelling evidence with regard to the outstanding likelihood of confusion issue (with respect to Bee
24 Sweet Citrus' mark *Bee Sweet Citrus*).

25       18.    On December 30, 2014, Bee Sweet Lemonade filed for registration of a mark which consists
26 of a drawing of a bee.  An Office Action was issued on April 9, 2015 because the specimen provided did
27 not show the applied-for mark.

---

28 [1] This is Bee Sweet Lemonade's description of the mark on file with the United States Patent and Trademark Office.

3

19. On April 11, 2014, Bee Sweet Lemonade filed for registration of the mark *Bee Sweet Lemonade*. Bee Sweet Citrus filed a letter of protest on May 18, 2015. This application is currently suspended pending the registration or abandonment of an earlier-filed application, *BeeSweet Tea,* since "[t]he marks are likely to create the same commercial impression in the minds of consumers."[2]

20. Upon information and belief, Defendants were participants on the television show "Shark Tank" on which participants make pitches to investors who may invest in their ideas/companies. Defendants received a $60,000 investment from Daymond John who conditioned the deal on finding a distributor who could widen the reach of the product "into more stores nationwide."[3] Upon information and belief, the show "Shark Tank" does due diligence on its participants, and the participants' intellectual property rights, and would have confirmed Bee Sweet Citrus' marks in the field that Defendants are selling their product. Defendants had clear knowledge of Bee Sweet Citrus' marks and despite Bee Sweet Citrus' requests they continue to sell their infringing products.

21. Upon learning of Bee Sweet Lemonade's infringing use of Bee Sweet Citrus' mark and attempts to register marks confusingly similar to Bee Sweet Citrus' marks, Bee Sweet Citrus wrote to Bee Sweet Lemonade (on June 12, 2015), expressing concern that consumers would be confused by Bee Sweet Lemonade's use of the extremely similar and infringing mark, *Bee Sweet Lemonade* and drawing of a bee with wings depicting the letter "B." Bee Sweet Citrus pointed out that this is particularly so because of Bee Sweet Lemonade's depiction of a bee element in its marks since Bee Sweet Citrus' marks also incorporate design elements featuring a bee (with the "B" as the bee's wings).

22. In its response letter dated June 19, 2015, Bee Sweet Citrus asked Bee Sweet Lemonade to abandon its application in the United States Patent and Trademark Office for Application No. 86363522 (for *Bee Sweet Lemonade*), refrain from future attempts to register any mark including "*Bee Sweet*," and finally, to stop use of the infringing marks.

23. Bee Sweet Lemonade refused to comply, has not expressly abandoned its applications for confusingly similar marks with the United States Patent and Trademark Office, and continues to sell its lemonade products bearing its infringing mark.

---

[2] United States Patent and Trademark Office, Office Doction letter, dated June 26, 2015.
[3] http://www.usatoday.com/story/money/business/small%20business/2015/05/14/lemonade-maker-shark-tank/27297419/

4

# COUNT I

### Trademark Infringement:  15 U.S.C. § 1114 (Lanham Act § 32)

24. Bee Sweet Citrus restates and realleges Paragraphs 1 through 28 above as if fully set forth below.

25. Bee Sweet Citrus owns the marks *Bee Sweet Citrus (Registration No. 2336076)*, *Bee Sweet Citrus* accompanied by a drawing of an orange with a bee (*Registration No. 2292303*), *Bee Sweeties* (*Registration No. 3660625), Lucky Bee* (*Registration No.2234334), Royal Bee* (*Registration No.2240822),* and *Little Bee's (Registration No. 86078997)* (collectively "*Bee Sweet Citrus* marks") which are federally registered, valid, distinctive, and protectable trademarks.  Bee Sweet Citrus has priority of use over these marks as to each of the Defendants.

26. Each Defendant has, willfully and consciously, committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the *Bee Sweet Citrus* marks, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake, or deception as to whether Defendants have a connection with Bee Sweet Citrus, or as to the origin, sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1114.

27. Each Defendant's acts of infringement have caused and will continue to cause damage to Bee Sweet Citrus, in an amount to be determined at trial.

28. As a direct and proximate consequence of the infringement, Bee Sweet Citrus has suffered substantial damages, as well as the continuing loss of good will and reputation established by Bee Sweet Citrus in its federally registered marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Bee Sweet Citrus has no adequate remedy at law. Bee Sweet Citrus will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts of infringement.

# COUNT II

### Trade Dress Infringement: 15 U.S.C. § 1125 (a)(3)

29. Bee Sweet Citrus restates and realleges Paragraphs 1 through 28 above as if fully set forth below.

30. Bee Sweet Citrus' use in commerce of its marks constitute protectable trade dress pursuant

to Section 43(a) of the Lanham Act; 15 U.S.C. § 1125(a).  The protectable trade dress of Bee Sweet Citrus' use in commerce are nonfunctional features that identify the product and its source to customers.

31. Defendants' use, marketing, and offering for sale of Bee Sweet Lemonade products that incorporate the distinctive features of Bee Sweet Citrus' products constitutes the use in commerce of false designations of origin, false or misleading descriptions or representations that are likely to cause confusion and mistake and to deceive consumers as to the source of origin of Defendants' products or the affiliation, connection, or association of Defendants with Bee Sweet Citrus or the sponsorship or approval of Defendants' products by Bee Sweet Citrus and constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

32. Defendants' use as described above is deliberate and willful.

33. As a direct and proximate consequence of the infringement, Bee Sweet Citrus has suffered substantial damages, as well as the continuing loss of good will and reputation established by Bee Sweet Citrus in its federally registered marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Bee Sweet Citrus has no adequate remedy at law. Bee Sweet Citrus will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts of infringement.

### COUNT III

**Unfair Competition, False Designation of Origin:  15 U.S.C. § 1125(a) (Lanham Act §43(a))**

34. Bee Sweet Citrus restates and realleges Paragraphs 1 through 33 above as if set forth fully below.

35. Bee Sweet Citrus owns the marks *Bee Sweet Citrus (Registration No. 2336076), Bee Sweet Citrus* accompanied by a drawing of an orange with a bee (*Registration No. 2292303*), *Bee Sweeties* (*Registration No. 3660625), Lucky Bee* (*Registration No.2234334), Royal Bee* (*Registration No. 2240822),* and *Little Bee's (Registration No. 86078997)* (collectively "*Bee Sweet Citrus* marks") which are federally registered, valid, distinctive, and protectable trademarks.  Bee Sweet Citrus has priority of use over these marks as to each of the Defendants.

36. Each Defendant has, willfully and consciously, committed trademark infringement by using in commerce one or more marks or product names that are confusingly similar to the *Bee Sweet Citrus*

1 marks, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake, or
2 deception, as to whether Defendants have a connection with Bee Sweet Citrus, or as to the origin,
3 sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1114.

4       37.    As a direct and proximate consequence of the infringement, Bee Sweet Citrus has suffered
5 substantial damages, as well as the continuing loss of good will and reputation established by Bee Sweet
6 Citrus in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and
7 thus constitutes irreparable harm and an injury for which Bee Sweet Citrus has no adequate remedy at law.
8 Bee Sweet Citrus will continue to be irreparably harmed by such acts in the future unless the Court enjoins
9 each Defendant from committing further acts of infringement.

## COUNT IV

**Trademark Infringement: Violation of California Bus. & Professions Code § 14200, *et. seq.***

12       38.    Bee Sweet Citrus restates and realleges Paragraphs 1 through 37 above as if set forth fully
13 below.

14       39.    Bee Sweet Citrus owns the marks *Bee Sweet Citrus (Registration No. 2336076), Bee Sweet
15 Citrus* accompanied by a drawing of an orange with a bee *(Registration No. 2292303)*, *Bee Sweeties*
16 *(Registration No. 3660625), Lucky Bee (Registration No.2234334), Royal Bee (Registration No. 2240822),*
17 and *Little Bee's (Registration No. 86078997)* (collectively "*Bee Sweet Citrus* marks") which are federally
18 registered, valid, distinctive, and protectable trademarks. Bee Sweet Citrus has priority of use over these
19 marks as to each of the Defendants.

20       40.    Each Defendant has, willfully and consciously, committed trademark infringement by using
21 in commerce one or more marks or product names that are confusingly similar to the *Bee Sweet Citrus*
22 marks, on or in connection with the sale of goods, in a way that is likely to cause confusion, mistake, or
23 deception as to whether Defendants have a connection with Bee Sweet Citrus, or as to the origin,
24 sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1114.

25       41.    As a direct and proximate consequence of the infringement, Bee Sweet Citrus has suffered
26 substantial damages, as well as the continuing loss of good will and reputation established by Bee Sweet
27 Citrus in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and
28 thus constitutes irreparable harm and an injury for which Bee Sweet Citrus has no adequate remedy at law.

Bee Sweet Citrus will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts of infringement.

### COUNT V

**Unfair Competition: Violation of California Business and Professions Code § 17200**

42. Bee Sweet Citrus restates and realleges Paragraphs 1 through 41 above as if set forth fully below.

43. Each of the Defendants' acts of trademark infringement and unfair competition harms Bee Sweet Citrus and constitutes unlawful, unfair or fraudulent business acts or practices, unfair, deceptive, untrue or misleading advertising, and/or false advertising within the meaning of Division 7, Part 3, Chapter 1 of the California Business and Professions Code, and hurts the public.

44. In advertising its goods, each of the Defendants has misrepresented the character of its business by suggesting a connection with the source of goods that bear Bee Sweet Citrus' marks.

45. Each Defendant engaged in these activities willfully and consciously.

46. Each Defendant's activities have caused and will continue to cause damage to Bee Sweet Citrus, in an amount to be determined at trial.

47. As a direct and proximate consequence of the activities complained of herein, Bee Sweet Citrus has been irreparably harmed to an extent not yet determined, and will continue to be irreparably harmed by such acts in the future unless the Court enjoins each Defendant from committing further acts that are likely to confuse the public as to the source of the goods.

### COUNT VI

**Declaratory Judgment**

48. Bee Sweet Citrus restates and realleges Paragraphs 1 through 47 above as if set forth fully below.

49. An actual controversy has arisen and now exists between Bee Sweet Citrus and Defendants regarding each Defendant's unauthorized advertising, marketing, promotion, distribution, and sale of products bearing Bee Sweet Citrus' marks.

50. The dispute between the parties includes, without limitation, whether the Defendants have violated §§ 1114, 1125 of Title 15 of the United States Code, and §§ 14200 *et seq.*, and/or 17200 *et seq.*, of

the California Business and Professions Code, or have otherwise engaged in unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Bee Sweet Citrus respectfully prays that this Court:

a) Declare and enter judgment that each Defendant has committed trademark infringement under the laws of the United States and those of the State of California, has committed unfair competition under the Lanham Act, and has committed unfair competition under the California Business and Professions Code, by using Bee Sweet Citrus' marks without Bee Sweet Citrus' authorization, in connection with the advertising, marketing, distribution, and sale of goods;

b) Preliminary and permanently enjoin each Defendant, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from infringing, in any manner, Bee Sweet Citrus' trademarks, including, without limitation, the marks *Bee Sweet Citrus (Registration No. 2336076),* the mark *Bee Sweet Citrus* accompanied by a drawing of an orange with a bee *(Registration No. 2292303)*, *Bee Sweeties (Registration No. 3660625), Lucky Bee (Registration No.2234334), Royal Bee (Registration No.2240822),* and *Little Bee's (Registration No. 86078997)* ;

c) Order each Defendant to file with the Court and serve upon Bee Sweet Citrus, within thirty (30) days after the entry and service of an injunction, a written report attested to under penalty of perjury, setting forth in detail the manner and form in which each Defendant has complied with the injunction;

d) Award Bee Sweet Citrus all gains, profits, enrichments, and advantages derived from each Defendant's wrongful actions described herein, pursuant to 15 U.S.C. § 1117(a)(1) and any other applicable statute;

e) Order an accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

f) Award Bee Sweet Citrus reasonable funds for future corrective advertising;

g) Award Bee Sweet Citrus its reasonable costs and attorneys' fees associated with this action pursuant to 15 U.S.C. § 1117(a)(3) and any other applicable statute;

h) Order any other remedy to which Bee Sweet Citrus may be entitled, including all remedies provided for in 15 U.S.C. § 1117, California Business and Professions Code §§ 17200, *et. seq.*, 17500, *et seq.*, and under any other California law; and

i) Award such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bee Sweet Citrus respectfully demands a trial by jury on all issues so triable.

Dated: July 10, 2015                          Respectfully Submitted,


By:   /s/ *David J. Miclean*
      MICLEAN GLEASON LLP
      David J. Miclean
      Anne-Marie D. Dao
      Attorneys for Plaintiff, BEE SWEET CITRUS, INC.